UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CASE NO. 03 12571 PBS

LEON GELFAND,

       Plaintiff

v.

BORIS SORKIN, DAVID GOLDIN,

YELENA GOLDIN, HENRY B. WYNN AND

ATLANTIC FISH MARKET, INC.,

       Defendants

### DEFENDANTS, DAVID GOLDIN'S AND YELENA GOLDIN'S MOTION TO DISMISS
### (FED'L R. CIV. P. 12(b), (1) (6) and (7)

    Now come the defendants, David Goldin and Yelena Goldin (the Goldins), in the above-captioned matter and respectfully request that the Complaint filed against them with respect to the above-captioned matter be dismissed pursuant to the applicable provisions of Fed'l R. Civ. P. 12(b)(1), (6) and (7).

    The Goldins contend that the plaintiff through his attorney has in an unblushing exercise of hubris and recklessness violative of the mandate of Fed'l R. Civ. P. 11 wrongfully and frivolously invoked the jurisdiction of this Court by inserting a claim under the Racketeer Influenced and Corrupt Organization Act (RICO) with its sinister undertones to present an alleged federal question.

    Accordingly, as set forth in the attached Memorandum of Law the Goldins argue that since this court is bereft of subject matter jurisdiction (Fed'l R. Civ. P. 12(b)(1) that

the instant action must be dismissed with prejudice against them since the plaintiff has even by virtue of a cursory reading of the Complaint failed to state a claim for which relief can be granted under the RICO statute (Fed'l R. Civ. P. 12(b)(6) besides which the Complaint fails to include as parties three alien corporations located in Estonia which are needed for a just adjudication of the action under the standard set out in Rule 19(a). Indeed, since the three alien corporations are beyond the reach of process by this court through international service (See 18 USCS sec. 1965(d), the Goldins additionally maintain that the instant action must be dismissed pursuant to Fed'l R. Civ. P. 12(b) (7).

It is submitted that since the court should consider the Rule 12(b)(1) challenge in the first instance which impacts upon the lack of subject matter jurisdiction relating to the RICO Count, the Goldins will not guild the lily with respect to their other defenses and objections going to the remaining Counts of the Complaint which will be rendered moot and do not need to be determined. Jones v. Georgia, 725 F. 2d 622, 5623 (C.A. 11th, 1984).

## REQUEST FOR ORAL ARGUMENT

The Goldins respectfully request that the Court grant oral argument in view of the sinister undertones of the allegations under RICO and the concomitant Rule 11 Motion to be filed by counsel.

DAVID GOLDIN, ET AL
By their attorney,
Neal Marshall Brown, Esquire
185 Lincoln Street
Hingham, Ma 02043
(781) 740-2744
BBO # 548 119