UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LEON GELFAND,                                    CASE NO. 03 12571 PBS
    Plaintiff

v.

BORIS SORKIN, DAVID GOLDIN,
YELENA GOLDIN, HENRY B. WYNN
AND ATLANTIC FISH MARKET, INC.,
    Defendants

### DEFENDANTS, DAVID GOLDIN'S AND YELENA GOLDIN'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED'L R. CIV. P. 12(b) (1), (6) and (7)

#### PRELIMINARY STATEMENT

The present action must be dismissed pursuant to Fed'l R. Civ. P. 12(6) for the reason that the plaintiff, Leon Gelfand (Gelfand) has failed to state a claim for which relief can be granted under the RICO statute which is the sole fulcrum for this Court's alleged jurisdiction over this action. As a corollary to the foregoing the present action must also be dismissed pursuant to Fed'l R. Civ. P. 12(b) (1) for lack of subject matter jurisdiction and otherwise for the failure to join indispensable parties pursuant to Fed'l R. Civ. P. 12(b)(7).

#### OVERVIEW

Succinctly stated, Gelfand, commenced this action against four individual defendants (Boris Sorkin (Sorkin), David Goldin, Yelena Goldin (the Goldins) and Henry B. Wynn (Wynn) and one corporation (Atlantic Fish Market, Inc. (Atlantic) by virtue of indiscriminately and nonsensically charging the defendants with violating the Racketeering Influenced Corrupt Organizations Act (RICO) (Count I). Not joined in the

1

present action although indispensable parties were three Estonian corporations, OU Watkins (Watkins), Front Holding and Atlas Seafood (Atlas).

The action arises out of a simple and single transaction involving a promissory note involving a loan from Gelfand to the Goldins in the amount of $100,000.00. (Complaint, paras. 9-11) Thereafter, there was an acceptance by Gelfand of other consideration in lieu of payment on the note by the Goldins by virtue of Gelfand having agreed to purchase $250,000.00 worth of stock in Atlantic from Sorkin pursuant to the provisions of a stock purchase agreement (the Agreement) and a Rider in connection therewith dated January 29, 2002. (Complaint, para. 38)

Shortly after the execution of the Agreement and Rider on or about January 29, 2002 between Gelfand and Sorkin who at the time was in Estonia, Gelfand wired $130,000.00 to Front Holding towards the balance of $150,000.00 of the agreed to purchase price of ten (10%) percent of the common stock of Atlantic. Gelfand received a credit for the original $100,000.00 which he had previously advanced directly to Atlantic which constituted the proceeds of the promissory note which the Goldins had signed. The wire transfer to Front Holding of $130,000.00 was based upon the alleged representation by Sorkin to Gelfand that the remainder of the monies due for Atlantic's stock would be utilized by Front Holding, a corporation equally owned by both Watkins and Atlantic which were engaged in a joint venture, to purchase certain real estate located in Tallin, Estonia for the purpose of processing fish and marine products. Gelfund also on or about January 29, 2002 paid by way of check an additional $20,000.00 directly to Atlantic which along with the $130,000.00 wired to Front Holding constituted payment

of $150,000.00 of the agreed to balance for purchase of the Atlantic stock from Sorkin. (Complaint, para. 44).

On a subsequent occasion Gelfand alleges that on his own volition he purchased an additional amount of stock in Watkins for a consideration of $200,000.00 by means of wire transfers to Estonia of which $200,000.00 was paid directly to Watkins, and $30,000.00 to Atlas and $20,000.00 to an electrical contractor. (Complaint, paras. 47-53)

Given the foregoing factual scenario, Count One of Gelfand's complaint which embraces the RICO claim is a million light years away of any culpable wrongdoing by the several defendants within the meaning of that statute. Indeed, Gelfund cannot leave the starting gate relative to his RICO claim since the sale of the Atlantic stock by Sorkin to him in essence was but one transaction and was not a part of a prohibited pattern of separate acts. See Modern Settings, Inc. v. Prudential-Bache Securities, Inc., 629 F. Supp. 860 (S.D.N.Y. 1986) (Carter, J.)

## ARGUMENT

I. THE PRESENT ACTION MUST BE DISMISSED PURSUANT TO FED'L R. CIV. P. 12(b) (1) and (6)

Fed'l R. Civ. P. 9(b) requires that the "circumstances constituting fraud....be stated with particularly." The "circumstances" of the fraud which must be fully stated include "matters such as time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby. 5 Wright & Miller, Federal Practice and Procedure, sec. 1297 at 403 (1969); see Bennett v. Berg, 685 F. 2d 1053, 1062 (8th Cir. 1982). With respect to the foregoing strictures, nowhere within the four corners of the Complaint is there any particularized allegation that the Goldins received any monies either directly or indirectly as a result of a pattern of

3

racketeering activity which induced Gelfand to invest in either Atlantic, Watkins, Frontholding or Atlas. Nor is there any allegation within the four corners of the Complaint of the Goldins' legal relationship by way of being associated or employed in any of the entities in which Gelfund invested. Indeed, throughout the Complaint Gelfand's allegations against the Goldins are muddled in not identifying which "Goldin" is being accused of any alleged wrongdoing and/or the particular subsection of RICO of Title 18, sec. 1962 (a thru d) which the Goldins allegedly violated.

Since it is well settled that Rule 9(b) applies to allegations of fraud under RICO (see Moss v. Morgan Stanley, Inc., 719 F. 2d 5, 19 (2d Cir. 1983); Ross v. A. H. Robins Co., 6076 F. 2d 545, 557 (2d cir. 1979); Denny v. Barber, 576 F. 2d 465, 469-70 (2d Cir. 1978), Segal v. Gordon, 467 F. 2d 602, 606-08 (2d Cir. 1972), the Complaint which is fatally flawed with respect to such allegations must be dismissed against the Goldins.

### COUNT I UNDER RICO MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Count One charges all of the defendants with violating RICO. Unsurprisingly, as noted hereinabove the specific section of the RICO statute which the defendants are charged with violating is not even set forth.

Accordingly it is to be assumed by implication that the defendants are being charged with violating sec. 1962 (c) of RICO. Under this section it is unlawful for any person

> employed by or associated with any enterprise engaged in, or the activities of which affect interstate or foreign commerce, to conduct or participate, directly or

4

indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of an unlawful debt.

The Second Circuit has held that the plaintiff under RICO must allege the existence of seven constituent elements: (1) that the defendant (2) through the commission of two or more acts (3) constituting a "pattern"(4) of "racketeering activity" (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an "enterprise" (7) the activities of which affect interstate or foreign commerce. Moss v. Morgan Stanley, 719 F. 2d 5, 17 (2d Cir. 1983), cert. denied, 465 U.S. 1025 (1984).

Under the foregoing standard, Count One of the Gelfund complaint fails to state a claim upon which relief can be granted under RICO because (a) it fails to allege conduct which constitutes a "pattern" of racketeering activity; (b) it fails to allege adequately the existence of an "enterprise," or the required nexus between the Goldins and any enterprise; and (c) it fails to allege with particularity the predicate acts allegedly committed by the Goldins of "racketeering activity" which is requisite to the RICO claim.

The foregoing analysis is particularly underscored by the fact that the defendant, Yelena Goldin's alleged participation in a "pattern" of "racketeering activity" was confined to (1) being a family friend (Complaint, para. 8); (2) to being a signatory on a promissory note (Complaint, paras. 9 – 11); and (3) to having allegedly set up a meeting between Gelfand and Sorkin at Atlantic's offices (Complaint, para. 16) in which she did not participate.

With the foregoing paucity of innocuous facts, Gelfand would recklessly and maliciously sink to the level of accusing the defendant, Yelena Goldin, of participation in

a sordid pattern of racketeering activities along with her husband, the defendant, David Goldin.

## GELFUND HAS NOT AND CANNOT ALLEGE A "PATTERN" OF RACKETEERING ACTIVITY

In <u>Sedima, S.P.R. IO. V. Imrex Company,</u> 105 S. Ct. 3275 (1985) the Supreme Court, in holding that there is no requirement in a private RICO action of a prior criminal conviction or a "racketeering injury" distinct from that caused by the predicate acts, strongly suggested that the lower federal courts had neglected the "pattern" element as a limitation on the availability of RICO treble damages claims. In the foregoing vein, the Supreme Court found that the lower federal courts had generally proceeded on the mistaken assumption that any two acts automatically spell out a "pattern" whereas the legislative history makes it clear that a "pattern" cannot be established without "continuity plus relationship." <u>See</u> 105 S. Ct. at 3285 n. 14.

With respect to the foregoing guidelines set down by the Supreme Court the Complaint in the instant matter is completely devoid of any factual allegations of continuity and relationship critical to the existence of a "pattern" of racketeering activity.

Indeed, the Complaint against the Goldins arises out of a simple promissory note the consideration of which was exchanged for the purchase of stock in Atlantic. Beyond that single transaction, all other dealings had their incidence in Estonia when Gelfund sought to wire funds to both Front Holding and then in a completely unrelated transaction to Watkins for the purchase of additional stock. (Complaint, para. 53) As such, the critical element of "pattern" of racketeering activity is conspicuously absent from the Complaint.

In <u>Exeter Towers Associates v. Bowditch</u>, 604 F. Supp. 1547 (D. Mass.1985) decided by Justice Keeton two months before Sedima, the court dismissed a RICO claim arising, out of a misrepresentation occurring in a single purchase and sale transaction. The court held that:

[T]he connotations of a "pattern of racketeering activity," as that phrase is used in the RICO statute, are not satisfied by proof that, in effectuating the purchase of a single mortgage, the defendants committed two or more predicate acts of mail fraud. To construe the statute as applying in these circumstances would be to give it a sweep so broad as to be inconsistent with manifested congressional objectives. Most substantial business transactions involve two or more uses of the mail during negotiations. To hold that two such uses of the mail , in circumstances otherwise satisfying the prerequisites of proof of an offense under the mail fraud statute, are sufficient to constitute a "pattern of racketeering activity" would be to sweep into the federal courts, under RICO, the great majority of actions for fraud in commercial transactions. I conclude that the Supreme Court will not read the RICO statute this broadly, whatever may be the precise terms of the limiting formulation it fashions. 604 F. Supp. at 1554.

## THE COMPLAINT DOES NOT ADEQUATELY ALLEGE THAT EACH DEFENDANT PARTICIPATED IN THE AFFAIRS OF A PARTICULAR ENTERPRISE THROUGH A PATTERN OF RACKETEERING ACTIVITY

Section 1962 (c) requires plaintiffs to plead that an "enterprise" exists and that there is some nexus between the pattern or racketeering activity and that enterprise. <u>Moss v. Morgan Stanley, Inc.</u>, 719 F. 2d 5, 21 (2d Cir. 1983), cert. denied, 465 U.S. 1025 (1984). There must also be pled and proved that requisite nexus between each defendant

7

and the enterprise. Each person sought to be held liable must have "conduct[ed] or participat[ed], directly or indirectly, in the conduct" of the enterprise's affairs "through a pattern of racketeering activity." 18 U.S.C. sec. 1962(c). The requisite degree of participation in the affairs of the enterprise must be adequately alleged on the part of each defendant for the case to continue against that defendant. Bennet v. Berg, 710 F. 2d 1361, 1364 (8th Cir.) (en banc), cert. denied, 464 U.S. 1008 (1983).

Gelfand's Complaint in this action is woefully inadequate to state a RICO claim against the Goldins let alone the remaining defendants because it fails to adequately allege an "enterprise" and the required nexus between each defendant and a particular enterprise. The Complaint not only fails under Rule 9(b) for its vagueness in such respects, but is so inadequate as to fail to state a claim under Rule 12(b)(6) against the Goldins. See States v. Tukete, 452 U.S. 5776, 583 (1981) (a bare assertion that a group of defendants somehow constitute an "enterprise" is insufficient.). Moreover, it is not sufficient to allege mere participation or operating or managing in the enterprise and each defendant's participation must have been "through a pattern or racketeering activity." UNR Industries, Inc. v. Continental Insurance Co., No. 83 A 2523, slip op. At 20 (N.D. Ill. April 9, 1985).

## THE COMPLAINT FAILS TO PLEAD WITH PARTICULARITY THE PREDICATE ACTS CLAIMED TO MAKE UP THE ALLEGED PATTERN OR RACKETEERING ACTIVITY

In the final analysis, Gelfand has failed to plead with particularity with respect to the Goldins the circumstances surrounding the alleged offense encompassed under Count I. Since it has already been demonstrated that the allegations underlying the RICO claim

8

fail at the very minimum to comply with Rule 9(b), such nebulous and willy-nilly allegations cannot possibly form the basis of a viable claim under the relevant statute, since the pleading requirements of Rule 9(b) as noted at the outset of this Memorandum also apply to civil RICO actions which are based on alleged violations of mail and wire fraud statutes (18 U.S.C. sections 1341, 1343); and see Moss v. Morgan Stanley, Inc., 719 F. 2d at 18-19 (citing Mauriber v. Shearson/American Express, Inc., 546 f. Supp. 391, 397 (S.D.N.Y. 1982); Bender v. Southland Corp., 749 F. 2d 1205, 1215-16 (6th Cir. 1984) and host of cases cited for this basic proposition.

Given the fact that in the instant Complaint there is no particularization of the circumstances of the manner in which Gelfand was allegedly defrauded by the Goldins and a mere cumulative incorporation by reference of a plethora of preceding paragraphs form the alleged basis of Count I, the allegations are insufficient under Rule 9(b). Indeed, where there are allegations of a fraudulent scheme as charged by Gelfand with multiple defendants, the complaint must inform each defendant of the specific fraudulent acts which constitute the basis of the action against each particular defendant. Bruss Co. v. Allen Communications Services, Inc., 606 F. Supp. 401, 405 (N.D. Ill. 1985).

## SINCE AT LEAST THREE ALIEN CORPORATIONS ARE INDISPENSABLE PARTIES TO THIS ACTION UNDER RULE 19(a), IN THE ALTERNATIVE THE COMPLAINT MUST BE DISMISSED PURSUANT TO FED'L R. CIV. P. 12(b)(7)

There is ample authority for the proposition that any foreign party against whom a RICO claim is asserted or which is an indispensable party to an action under Rule 19(a) must be served with process in the United States. Nordic Bank PLC v. Trend Group, Ltd. (SD NY 1985). And although 18 U.S.C. sec. 1965(d) authorizes national service it does

9

not authorize international service with respect to alleged civil racketeering activities. Michelson v. Merill, Lynch, Pierce, Fenner & Smith, Inc., (SD NY 1989), 709 F. Supp. 1279 (1989).

Watkins, Front Holding and Atlas referenced as participants in the alleged fraudulent scheme in the Gelfand complaint (such corporations having received admittedly approximately $400,000.00 in wired funds), are alien entities existing under the laws of Estonia and with their respective principal place of businesses in Tallin, Estonia. All such alien entities have no offices, no personnel, no assets, and have not conducted business in either Massachusetts, nor for that matter, the United States, nor has any such entities advertised, held meetings, or been licensed to do business in the United States.

Since the Goldins who have absolutely no relationship to the named participant entities are nonetheless alleged by Gelfand to having been part of a fraudulent scheme through such alien entities, it is submitted that Watkins, Front Holding and Atlas are indispensable parties to the present action pursuant to Fed'l R. Civ. P. 19(a).

Indeed, complete relief cannot possibly be afforded without such absent alien corporations made parties to the present action so that the interests of the Goldins may be determined by the court with respect to the Goldins' alleged nexus to such entities as alleged participants in a scheme to defraud under the RICO statute. Since Watkins, Front Holding and Atlas are not subject to process, in equity and good conscience under the mandate of Rule 19(b) the action cannot possibly proceed since such absent entities are indispensable within the penumbra of the RICO count. Tell v. Trustees of Dartmouth

10

College, 145 F 3d 417 (C. A. 1st 1989). Accordingly, dismissal is warranted pursuant to Fed'l R. Civ. P. 12(b)(7).

## RELIEF SOUGHT

For the reasons stated, the Goldins respectfully submit that the plaintiff's Complaint should be summarily dismissed in its entirety as against them and that this Court further award commensurate sanctions under Fed'l R. Civ. P. 11 as prayed for in an appropriate motion to be submitted to this Court in view of the utter baselessness and outrageousness of the allegations against the Goldins and the mystifying failure of counsel to have conducted even a threshold investigation of the law and facts in the first instance.

## REQUEST FOR ORAL ARGUMENT

The Goldins request that this Motion be set down for oral argument which they believe will accordingly assist the court.

Respectfully submitted.

DAVID GOLDIN, ET AL

By their attorney:

Neal Marshall Brown, Esquire
185 Lincoln Street
Hingham, Ma 02043
(781) 740-2744
BBO #548 119

## CERTIFICATE OF SERVICE

I certify that I have this 27th day of February 2004 caused to be served by first class mail postage prepaid a true copy of the attached documents to the following counsel of record: Richard F. Ready, Esq., 25 Walnut Street, Suite 300, Wellesley, Ma 02481.

_/s/ Neal Marshall Brown_
Neal Marshall Brown, Esq.