UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NO. 03 12571 PBS

```
***************************
LEON GELFAND,
              Plaintiff

v.

BORIS SORKIN,
ATLANTIC FISH MARKET, INC.
DAVID GOLDIN,
YELENA GOLDIN, and
HENRY WYNN,
              Defendants
***************************
```

<u>DEFENDANTS ATLANTIC FISH MARKET, INC. AND BORIS SORKIN'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
PURSUANT TO FED'L R. CIV. P. 12(b) (1), (6) and (7)</u>

<u>PRELIMINARY STATEMENT</u>

Plaintiff Leon Gelfand seeks the jurisdiction of this Court by alleging defendants' actions constituted violations of 18 U.S.C.A. SEC. 1961-1968. (Civil RICO).

The present action should be dismissed pursuant to Fed'l. R. Civ. P. 12(6) for the reason that plaintiff, Leon Gelfand (Gelfand) fails to state a claim for which relief can be granted under the RICO statute. Said statute is plaintiff's sole reason for this court's jurisdiction.

<u>OVERVIEW</u>

Gelfand commenced this action against four individuals and one corporate entity; Boris Sorkin (Sorkin), David and Yelena Goldin, (the Goldins), Henry B. Wynn (Wynn) and

Atlantic Fish Market, Inc. (Atlantic). He indiscriminately charges them with violating RICO. (Count I).

The action begins with describing the issuance of a promissory note involving a loan from Gelfand to the Goldins in the amount of $100,000.00. Thereafter, Gelfand accepted non-monetary consideration in payment of the note. The consideration was the issuance of $250,000.00 worth of stock in Atlantic pursuant to the provisions of a stock purchase agreement (the "Agreement") and rider in connection therewith.

Shortly after execution of the Agreement and Rider between Gelfand, Sorkin and the Goldins, Gelfand wired $150,000.00 to Frontholding, an Estonian corporation (owned equally by Atlantic and OU Watkins). Sorkin had allegedly represented to Gelfand that the monies would be used by Frontholding to purchase certain real estate located in Tallin, Estonia for the purpose of processing fish and marine products.

Subsequently, Gelfand on his own volition purchased stock in OU Watkins for $250,000.00 by means of wire transfers to Estonia. $200,000.00 was paid to Watkins, $30,000.00 to Frontholding and $20,000.00 to a contractor employed by Frontholding.

ARGUMENT

I. THE ACTION SHOULD BE DISMISSED PURSUANT TO FED'L R. CIV. P. 12(b)(1) and (6)

Fed'l. R. Civ. P. 9(b) requires that "circumstances constituting fraud…. be stated with particularly." The "circumstances" which must be fully stated, include "matters such as time, place and contents of the false representations, as well as the identity of the entity making the misrepresentation and what it obtained thereby. 5 Wright & Miller, Federal Practice and Procedure, sec. 1297 at 403 (1969); see Bennett v. Berg, 685 F. 2d 1053, 1062 (8th Cir. 1982).

It is well settled that Rule 9(b) applies to allegations of fraud under RICO (see Moss v. Morgan Stanley, Inc., 719 F. 2d 5, 19 (2d Cir. 1983); Ross v. A. H. Robins Co., 6076 F. 2d 545, 557 (2d cir. 1979); Denny v. Barber, 576 F. 2d 465, 469-70 (2d Cir. 1978), Segal v. Gordon, 467 F. 2d 602, 606-08 (2d Cir. 1972). The complaint is fatally flawed with respect to such allegations and should be dismissed.

## COUNT I UNDER RICO SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Count One charges all of the defendants with violating RICO, without citing the specific sections relevant to the violations.

It is assumed that the alleged violations are of sec. 1962 (c), which states it is unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

The Second Circuit has held that a plaintiff under RICO must allege the existence of seven constituent elements: (1) that the defendant (2) through the commission of two or more acts (3) constituting a "pattern" (4) of "racketeering activity" (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an "enterprise" (7) the activities of which affect interstate or foreign commerce. Moss v. Morgan Stanley, 719 F. 2d 5, 17 (2d Cir. 1983), cert. denied, 465 U.S. 1025 (1984).

Under that standard, Count One fails to state a claim upon which relief can be granted since (a) it fails to

4

allege conduct which constitutes a "pattern" of racketeering activity; (b) it fails to allege adequately the existence of an "enterprise," or the required nexus between the defendants and any enterprise; and (c) it fails to allege with particularity the predicate acts allegedly committed by the defendants of "racketeering activity" requisite to the RICO claim.

## GELFAND HAS NOT AND CANNOT ALLEGE A "PATTERN" OF RACKETEERING ACTIVITY

In Sedima, S.P.R. IO. v. Imrex Company, 105 S. Ct. 3275 (1985) the Court, in holding that there is no requirement in a private RICO action of a prior criminal conviction or a "racketeering injury" distinct from that caused by the predicate acts, strongly suggested that the lower federal courts had neglected the "pattern" element as a limitation on the availability of RICO treble damages claims. In that vein, the Supreme Court found that the lower federal courts had generally proceeded on the mistaken assumption that any two acts automatically spell out a "pattern" whereas the legislative history makes it clear that a "pattern" cannot be established without "continuity plus relationship." See 105 S. Ct. at 3285 n. 14.

With respect to these guidelines set down by the Supreme Court the instant complaint is completely devoid of any factual allegations of continuity and relationship critical to the existence of a "pattern" of racketeering activity.

Indeed, the complaint arises from the issuance of a promissory note satisfied by the issuance of corporate stock in Atlantic. Beyond that single transaction, all other dealings took place in Estonia when Gelfand wired funds to both Frontholding and then in a completely unrelated transaction to OU Watkins for the purchase of stock in those entities. The critical element of "pattern" of racketeering activity is conspicuously absent from the complaint.

In Exeter <u>Towers Associates v. Bowditch</u>, 604 F. Supp. 1547 (D. Mass.1985) decided by Justice Keeton two months before Sedima, the court dismissed a RICO claim arising, from a misrepresentation occurring in a single purchase and sale transaction. The court held that:

[T]he connotations of a "pattern of racketeering activity," as that phrase is used in the RICO statute, are not satisfied by proof that, in effectuating the purchase of a single mortgage, the defendants committed two or more predicate acts of mail fraud. To construe the statute, as

applying in these circumstances would be to give it a sweep so broad as to be inconsistent with manifested congressional objectives. Most substantial business transactions involve two or more uses of the mail during negotiations. To hold that two such uses of the mail, in circumstances otherwise satisfying the prerequisites of proof of an offense under the mail fraud statute, are sufficient to constitute a "pattern of racketeering activity" would be to sweep into the federal courts, under RICO, the great majority of actions for fraud in commercial transactions. I conclude that the Supreme Court will not read the RICO statute this broadly, whatever may be the precise terms of the limiting formulation it fashions." 604 F. Supp. at 1554.

### THE COMPLAINT DOES NOT ADEQUATELY ALLEGE THAT EACH DEFENDANT PARTICIPATED IN THE AFFAIRS OF A PARTICULAR ENTERPRISE THROUGH A PATTERN OF RACKETEERING ACTIVITY

Section 1962 (c) requires plaintiffs to plead that an "enterprise" exists and that there is some nexus between the pattern or racketeering activity and that enterprise. Moss v. Morgan Stanley, Inc., 719 F. 2d 5, 21 (2d Cir. 1983), cert. denied, 465 U.S. 1025 (1984). There must also be pled and proved a requisite nexus between each defendant and the enterprise. Each person sought to be held liable must have "conduct[ed] or participat[ed], directly or

7

indirectly, in the conduct" of the enterprise's affairs "through a pattern of racketeering activity." 18 U.S.C. sec. 1962(c). The requisite degree of participation in the affairs of the enterprise must be adequately alleged on the part of each defendant for the case to continue against that defendant. Bennet v. Berg, 710 F. 2d 1361, 1364 (8th Cir.) (en banc), cert. denied, 464 U.S. 1008 (1983).

Gelfand's complaint in this action is woefully inadequate to state a RICO claim against the defendants because it fails to adequately allege an "enterprise" and the required nexus between each defendant and a particular enterprise. The complaint not only fails under Rule 9(b) for its vagueness in these respects, but also is so inadequate as to fail to state a claim under Rule 12(b)(6). See States v. Tukete, 452 U.S. 5776, 583 (1981) (a bare assertion that a group of defendants somehow constitute an "enterprise" is insufficient). Moreover, it is not sufficient to allege mere participation, operating or managing in the enterprise. Each defendant's participation must have been "through a pattern or racketeering activity." UNR Industries, Inc. v. Continental Insurance Co., No. 83 A 2523, slip op. At 20 (N.D. Ill. April 9, 1985).

## THE COMPLAINT FAILS TO PLEAD WITH PARTICULARITY THE PREDICATE ACTS CLAIMED TO MAKE UP THE ALLEGED PATTERN OR RACKETEERING ACTIVITY

Gelfand has failed to plead with particularity the circumstances surrounding the alleged offense encompassed under Count I.  Since the allegations underlying the RICO claim fail to comply with Rule 9(b), they cannot possibly form the basis of a viable claim under the relevant statute, since the pleading requirements of Rule 9(b) as noted at the outset of this Memorandum also apply to civil RICO actions which are based on alleged violations of mail and wire fraud statutes (18 U.S.C. sections 1341, 1343); and see Moss v. Morgan Stanley, Inc., 719 F. 2d at 18-19 (citing Mauriber v. Shearson/American Express, Inc., 546 f. Supp. 391, 397 (S.D.N.Y. 1982); Bender v. Southland Corp., 749 F. 2d 1205, 1215-16 (6th Cir. 1984).

In the instant Complaint there is no particularization of the circumstances and the manner in which the defendants allegedly defrauded Gelfand.  A mere incorporation by reference of certain preceding paragraphs, which form the alleged basis of Count I, allegations are insufficient under Rule 9(b).  Indeed, where there are allegations of a fraudulent scheme as charged by Gelfand with multiple defendants, the complaint must inform each defendant of the specific fraudulent acts which constitute the basis of the

9

action against each.  <u>Bruss Co. v. Allen Communications Services, Inc.</u>, 606 F. Supp. 401, 405 (N.D. Ill. 1985).

### <u>SINCE AT LEAST THREE ALIEN CORPORATIONS ARE INDISPENSABLE PARTIES TO THIS ACTION UNDER RULE 19(a), IN THE ALTERNATIVE THE COMPLAINT MUST BE DISMISSED PURSUANT TO FED'L R. CIV. P. 19(a)</u>

There is ample authority for the proposition that any foreign party against which a RICO claim is asserted or which is an indispensable party to an action under Rule 19(a) must be served with process in the United States. <u>Nordic Bank PLC v. Trend Group, Ltd.</u> (SD NY 1985). Although 18 U.S.C. sec. 1965(d) authorizes national service it does not authorize international service with respect to alleged civil racketeering activities. <u>Michelson v. Merill, Lynch, Pierce, Fenner & Smith, Inc.</u>, (SD NY 1989), 709 F. Supp. 1279 (1989).

OU Watkins, Frontholding and Atlas Seafood named, as participants in the alleged fraudulent scheme by Gelfand are alien entities existing under the laws of Estonia with their respective principal place of businesses in Tallin, Estonia. None has an office, personnel, or assets, and have never conducted business in the United States. They have not advertised, held meetings, or been licensed to do business in the United States.

Since Gelfand alleges the defendants are part of a fraudulent scheme through such alien entities, OU Watkins, Frontholding and Atlas Seafood are indispensable parties to the present action.

Complete relief cannot be afforded without them being made parties. Since OU Watkins, Frontholding and Atlas Seafood are not subject to process, in equity under the mandate of Rule 19(b) the action cannot possibly proceed since such absent entities are indispensable. <u>Tell v. Trustees of Dartmouth College</u>, 145 F 3d 417 (C. A. 1st 1989).

<u>RELIEF SOUGHT</u>

For the reasons stated, Boris Sorkin and Atlantic Fish Market, Inc. respectfully submit that plaintiff's complaint be dismissed and this court award commensurate sanctions under Fed'l. R. Civ. P. 11.

March 8, 2004

Respectfully submitted.
Atlantic Fish Market,
Inc., and
Boris Sorkin,
By their attorney:

Gerald J. Zyfers
BBO No. 542967
80 Clinton Place
Newton, MA 02459-1141
617-641-9170