UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LEON GELFAND,  NO. 03-12571 PBS

    Plaintiff

v.

BORIS SORKIN, DAVID GOLDIN, YELENA
GOLDIN, HENRY B. WYNN AND ATLANTIC
FISH MARKET, INC.,

    Defendants

## DEFENDANTS, DAVID GOLDIN'S AND YELENA GOLDIN'S MOTION FOR SANCTIONS PURSUANT TO FED'L R. CIV. P. 11

### INTRODUCTION

As more particularly set forth in their Motion to Dismiss pursuant to Fed'l R. Civ. P. 12(1), (6) and (7) which the defendants, David Goldin (Goldin) and Yelena Goldin (Ms. Goldin) or (collectively "the Goldins") filed with this Court on February 27, 2004 the plaintiff, Leon Gelfand (Gelfand) without any factual basis whatsoever except to otherwise improperly invoke the jurisdiction of the Federal Court, incorporated a completely frivolous and reckless claim under the 18 U.S.C. secs. 1961-1968 (civil RICO) in a rambling Complaint and indiscriminately named the Goldins as co-defendants

It should be underscored that this litigation tragedy which has turned honorable advocacy into wanton attack has been instituted for the singular purpose of attempting to illegally extract from the Goldins monies which they originally borrowed pursuant to the terms of a promissory note (and relative to which promissory note there has not even been alleged a previous demand for payment) and additional monies which Gelfand next

1

invested in Atlantic Fish Market, Inc. (Atlantic) through the purchase of an aliquot portion of common stock directly from Boris E. Sorkin (Sorkin), Atlantic's principal officer and majority stockholder. Subsequent thereto, Gelfand on his own volition and after due diligence as more particularly set forth in his Complaint, invested and wired further sums of money to at least three Estonian corporations, O U Watkins (Watkins), Front Holding and Atlas Seafood (Atlas).

With respect to the foregoing factual scenario, nowhere within the four corners of Gelfand's Complaint, other than with respect to the Goldins having borrowed and signed a single promissory note in relation thereto for the sum of one hundred ($100,000.00) and then Goldin asking Gelfand to make the check payable to Atlantic (Complaint, paras. 9 thru 13), is there even a scintilla or single grain of any factual or logical nexus between the Goldins and the remainder of the alleged transactions with respect to Atlantic, Watkins, Front Holding and Atlas which even comes close to any semblance of a RICO claim as more particularly set forth in the Goldins' Motion to Dismiss.

Indeed and without limitation, nowhere within the confines of the complaint is there even a flyspeck of facts relating to the following: (1) a statement whether the alleged unlawful conduct on the part of the Goldins was a violation of 18 U.S.C. sec. 1962((a), (b), (c) and/or (d), or for that matter, if the Goldins allegedly violated more than one Section 1962 subsection; (2) a statement of the alleged RICO misconduct on the part of the Goldins and the basis of such liability of each ; (3) the manner in which Gelfand was injured as a proximate result of the alleged RICO misconduct on the part of the Goldins; and a detailed description of the alleged "racketeering activity" alleged with respect to the RICO claim.

More impotantly, there is not even a scant mention or allegation set forth in the Complaint of the perceived relationship that the alleged predicate acts of the Goldins bear to each other or to some external organizing principal that renders them "ordered" or "arranged" or "part of a common plan" or how the predicate acts amounted to or posed a threat of continued RICO activity. To prove that the Goldins were part of some perceived conspiracy, Gelfand would have to prove let alone to have alleged the existence of an agreement among "the conspirators". U. S. v. Patterson, 644 F. 2d 890 (1st Cir. 1981). That Gelfand would capriciously charge the Goldins with being part of a RICO pattern of racketeering activities and fail to even allege that the Goldins were part of a conspiracy to defraud him of his monies speaks volumes as to the underlying purpose of Gelfand's counsel filing of the Complaint since there are no facts set forth from which the Court could reasonably find that the Goldins initially planned along with the remaining defendants and subsequently executed some scheme after the Goldins first signed the promissory note.

In sum, it is unambiguously clear that the charges leveled against the Goldins are not only totally devoid of any merit, but are otherwise, extravagant, hyperbolic and surreal and an affront to this Honorable Court.

### RULE 11 STANDARD

It cannot be emphasized enough that an attorney has a duty to say "NO" to a client when he proposes to bring a suit which is without any basis in fact and law as relevant to the facts set forth in the Gelfand Complaint which alleges that the Goldins have engaged in a pattern of racketeering activities and have now been stigmatized as such in their closed community. Keating v. Rhode Island, 785 F Supp. 1094 (D.R.I.

3

1992). With respect to the foregoing, Fed'l R. Civ. P. 11 contains two separate grounds for sanctions: (1) failure to make an objectively reasonable inquiry into the facts and law; and (2) bringing suit for an improper purpose. Lancellot v. Fay, 909 F. 2d 15, 19 (1st Cir. 1990). It is submitted that counsel for Gelfand is subject to sanctions under both prongs of Rule 11.

Rule 11 provides that when a lawyer or other person signs a document, that person certifies:

> That to the best of the signer's knowledge, information, and belief formed after reasonable inquiry [the document] is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in he cost of litigation. Silva v. Witschen, 19 F. 3d at 728-29 (1st Cir. 1994).

The Goldins seek Rule 11 sanctions against Attorney Ready for signing the offensive Complaint despite the palpably frivolous nature of the RICO claim interposed to merely attempt to intimidate and embarrass them and particularly with respect to the defendant, Ms. Goldin, a well respected medical doctor in the closed Russian community of Brookline-Brighton.

Indeed, the outrageousness and ridiculousness of the RICO claim against the Goldins---and the remaining defendants--- is highlighted by the paucity of innocuous facts relating to Ms. Goldin's charged complicity in the alleged scheme of racketeering activities. Other than the fact that it is alleged in the Complaint that Ms. Goldin was a

family friend (Complaint, para. 8); that she allegedly approached Gelfand for a loan of $100,000.00 (Complaint, para. 9); that she allegedly informed Gelfand that she would be jointly liable on a promissory note (Complaint, para. 10); that she allegedly failed to timely pay the monies advanced pursuant to the promissory note (Complaint, para. 11); and that she allegedly set up a meeting with Gelfand and Sorkin at Atlantic's offices so that Gelfand could decide for himself as to whether to make an investment in Atlantic (Complaint, para. 16), there are absolutely no other facts throughout the 20 pages of the Complaint which have any reference to Ms. Goldin. Given the foregoing, that Gelfand's counsel would taint Ms. Goldin with the stigma of a RICO claim is not only mystifying, but despicable. Indeed, Attorney Ready's conduct is outrageous not in his obvious failure to even minimally investigate the facts and law relating thereto, but on the contrary, in his having simply leveled a RICO claim for the sinister purpose of invoking the jurisdiction of the Federal Court.

With respect to Attorney Ready's conduct, a proper inquiry will clearly demonstrate that he chose to escalate this matter to include a RICO claim after his colleague and co-counsel, Robert C. Horgan (Horgan), who referred this matter to him had previously by way of the mails threatened to commence an action against the Goldins and the named defendants in a Massachusetts court by way of a draft "verified complaint" which Gelfand for purposes of the subsequent RICO filing in this Court has now balked to "sign under oath". That the facts set forth in the relevant Complaint are not even "on information and belief" speaks for itself as to the speciousness of the allegations. In such regard, Attorney Ready had a concomitant duty to investigate the

facts and law prior to raising the amperage of claims to embrace a RICO charge so as to invoke the jurisdiction of this Court.

## CONCLUSION

In closing, the indiscriminate allegation of fanciful facts set forth in the Gelfand Complaint which allegedly form the basis of the RICO claim against the Goldins call for nothing less than the full imposition of sanctions by this Court under Rule 11 for the reason that any racketeering activities attributable to the Goldins are not only palpably frivolous and illusory, but a complete fiction. See Durr v. Intercounty Title Co. of Illinois, 14 F. 3d 1183, 1188 (7th Cir. 1994) (upholding Rule 11 sanctions against attorney "who sued on behalf of a class of plaintiffs that did not exist"). Conversely, no RICO "enterprise" in which the Goldins were participants exists.

Accordingly, since this Court may, in its discretion, award attorney's fees to a prevailing defendant upon a finding that the suit was "frivolous", unreasonable and without foundation under Rule 11 and that "no reasonable person would recognize the facts alleged as having any merit" (Christianburg Garment Co. v. EEOC, 434 U.S. 4123, 421, 98 S. Ct. 694, 700, 54 L. Ed. 2d 648 (1978), it is respectfully requested that the instant Motion be allowed and that counsel for the Goldins be permitted to submit a detailed affidavit of all fees and ancillary charges necessitated as a proximate result of counsel's disreputable contrivance of conjuring up a RICO claim in an attempt to invoke the jurisdiction of the United States District Court. The dictates of Rule 11 and supporting federal law **mandate** such sanctions in the circumstances. (emphasis added)

## REQUEST FOR ORAL ARGUMENT

The Goldins request that the Court afford their counsel the opportunity for oral argument relevant to the facts and law set forth in the foregoing Motion.

Respectfully submitted.

                                DAVID GOLDIN and YELENA GOLDIN,
                                By their attorney:

                                Neal Marshall Brown, Esquire
                                185 Lincoln Street
                                Hingham, Ma 02043
                                (781) 740-2744
                                BBO #548 119

## CERTIFICATE OF SERVICE

I certify that I have this 11th day of March 2004 caused to be **Hand Delivered** a true copy of the attached Defendants, David Goldins' and Yelena Goldin's Rule 11 Motion to the following: Richard F. Ready, Esquire, 25 Walnut Street, Wellesley, Ma 02481; Gerald J. Zyfers, Esquire, 80 Clinton Place, Newton, Ma 02459; and Henry B. Wynn, 33 Pond Avenue, Brookline, Ma 02445.

Neal Marshall Brown, Esquire

LAW OFFICES

NEAL MARSHALL BROWN

185 Lincoln Street

Hingham, Ma 02043

(781) 740-2744                                                                          Fax: (781) 740-8905

Clerk for Civil Business

United States District Court

One Courthouse Way

Boston, Ma 02210                         March 11, 2004

RE: LEON GELFAND V. BORIS SORKIN, ET AL  NO. 03 12571 PBS

Dear Sir/Madam:

    Enclosed herewith for the attention of the court (Saris, J.) please find Defendants, David Goldin's and Yelena Goldin's Motion for Sanctions Pursuant to Fed'l R. Civ. P. 11 with certificate of service denoting service by hand delivery this day.

    Thank you for noting the docket.

Very truly yours,

Neal Marshall Brown

HBW/st
cc: clients

enclosures

1