UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 03 12571 PBS

LEON GELFAND,
    Plaintiff

v.

BORIS SORKIN, DAVID GOLDIN,
YELENA GOLDIN, HENRY B. WYNN AND
ATLANTIC FISH MARKET, INC.,
    Defendants

### DEFENDANT, HENRY B. WYNN'S
### MOTION TO DISMISS
(FED'L R. CIV. P. 12(b), (1) (6) and (7)

Now come the defendant, Henry B. Wynn, and respectfully requests that the Complaint filed against him with respect to the above-captioned matter be dismissed pursuant to the applicable provisions of Fed'l R. Civ. P. 12(b)(1), (6) and (7).

The defendant submits to the Court that the plaintiff's counsel, is in flagrant violation the proscription set forth in Fed'l R. Civ. P. 11 by frivolously and shallow-mindedly attempting to invoke the jurisdiction of this Court through the artifice of making a claim under the Racketeer Influenced and Corrupt Organization Act (RICO) to present an alleged federal question. Counsel for the plaintiff's attempt in the foregoing regard is nothing less than disingenuous and heedless.

As more particularly set forth in the attached Memorandum of Law the defendant contends that since this court has absolutely no subject matter jurisdiction (Fed'l R. Civ.

1

P. 12(b)(1) that the instant action must be dismissed with prejudice against the said defendant since the plaintiff has palpably failed to state a claim for which relief can be granted under the RICO statute (Fed'l R. Civ. P. 12(b)(6) besides which the Complaint fails to include as parties three alien corporations located in Estonia which are needed for a just adjudication of the action under the standard set out in Rule 19(a). Indeed, since the three alien corporations are beyond the reach of process by this court through international service (See 18 USCS sec. 1965(d), the defendant additionally maintains that the instant action must be dismissed pursuant to Fed'l R. Civ. P. 12(b) (7).

It is submitted that since the court should consider the Rule 12(b)(1) challenge in the first instance which impacts upon the lack of subject matter jurisdiction relating to the RICO Count, the defendant will not belabor the obvious with respect to his other defenses and objections going to the remaining Counts of the Complaint which will be rendered moot and do not need to be determined. Jones v. Georgia, 725 F. 2d 622, 5623 (C.A. 11th, 1984).

## REQUEST FOR ORAL ARGUMENT

The defendant respectfully requests that the Court grant oral argument in view of the nothing less than scurrilous and outrageous tenor of the albeit nonsensical allegations under RICO.

HENRY B. WYNN, PRO SE,

33 Pond Avenue
Brookline, Ma 02445
(617) 739-9005

2