UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LEON GELFAND,   CASE NO. 03 12571 PBS
    Plaintiff

v.

BORIS SORKIN, DAVID GOLDIN,
YELENA GOLDIN, HENRY B. WYNN
AND ATLANTIC FISH MARKET, INC.,
    Defendants

### DEFENDANT, HENRY B. WYNN'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED'L R. CIV. P. 12(b) (1), (6) and (7)

### PRELIMINARY STATEMENT

The plaintiff, Leon Gelfand, has commenced this action against four defendants (Boris Sorkin (Sorkin), David Goldin (Goldin), Yelena Goldin (Ms. Goldin) (collectively "the Goldins") and Henry B. Wynn (Wynn) and one corporation (Atlantic Fish Market, Inc. (Atlantic) and has sought to have such action come within the jurisdiction of the United States District Court by including a RICO count as part of his Complaint. With respect thereto, the plaintiff has in a promiscuously random manner of extravagant allegations encompassing the surreal if not the absurd, charged the defendants with violating the Racketeering Influenced Corrupt Organizations Act (RICO) (Count I).

Simply put, the action arises out of a single transaction involving a promissory note evidencing a loan from the plaintiff to the Goldins in the amount of $100,000.00. (Complaint, paras. 8 thru 13) Thereafter, there was an acceptance by Gelfand of other consideration in lieu of payment on the note by the Goldins by virtue of Gelfand having

1

agreed to purchase $250,000.00 worth of stock in Atlantic pursuant to the provisions of a stock purchase agreement between himself and the defendant, Sorkin, and a rider in connection therewith. (Complaint, paras. 35; 38; 54).

Pursuant to a subsequent oral agreement between Gelfand and Sorkin who at the time was in Estonia, Gelfand wired $150,000.00 of the remaining consideration of the price of the stock to Front Holding, an Estonian corporation (owned equally by Atlantic and OU Watkins (Watkins) another Estonian corporation. Since Atlantic and Watkins were engaged in a joint venture through Front Holding to purchase certain real estate for purposes of a fish processing plant, Gelfand opted to wire the requested funds to Frontholding towards the purchase of the subject real estate.

On a subsequent occasion Gelfand on his own volition and on information and belief after retaining Estonian counsel to represent his interests purchased an additional block of stock in Watkins for a consideration of $250,000.00 of which $200,000.00 was paid to Watkins, $30,000.00 to Frontholding and $20,000.00 to a contractor employed by Frontholding. All such funds were wired from the United States.

Even assuming for purposes of the Motion to Dismiss that the plaintiff's allegations are true with respect to the defendant allegedly representing either through himself or Sorkin that he was "corporate counsel" for Atlantic (which the defendant categorically and emphatically denies) the defendant is never alleged in the Complaint to have represented Sorkin individually with respect to the drafting and execution of the stock purchase agreement or rider in connection therewith (Cf. Complaint, para. 54), nor for matter is there any allegation that the defendant was complicit or in any way involved in the Goldins' borrowing $100,000.00 from the plaintiff. (Complaint, paras. 8 thru 13).

2

For that matter, the defendant as "corporate counsel" would not have had any power or authority to provide Atlantic's corporate documents to the plaintiff (Complaint, para. 60) and with respect to the remaining Estonian corporations, i.e., Watkins, Front Holding and Atlas Seafood (Atlas), there is absolutely no allegation that the defendant had any relationship whatsoever with those entities.

Indeed, the plaintiff's allegation that the defendant was somehow obliged to prepare an agreement so that dividends and proceeds due from Watkins would be legally paid through Atlantic (Comlaint, para. 51) is not only illogical as a matter of law but there is no factual basis set forth as to the relationship between the defendant and Watkins. So too, the plaintiff has provided absolutely no factual basis for his circuitous and unintelligible allegation that the defendant was additionally obliged to provide him an agreement evidencing his investment of an additional $250,000.00 in Atlantic through Watkins. (Complaint, para. 64).

. Given the foregoing indiscriminate litany of allegations, to contend by any stretch of logic that the defendant engaged in RICO conduct is palpably absurd.

## ARGUMENT

Fed'l R. Civ. P. 9(b) requires that the "circumstances constituting fraud....be stated with particularly." The "circumstances" of the fraud which must be fully stated include "matters such as time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby. 5 Wright & Miller, Federal Practice and Procedure, sec. 1297 at 403 (1969); see Bennett v. Berg, 685 F. 2d 1053, 1062 (8th Cir. 1982).

Since it is well settled that Rule 9(b) applies to allegations of fraud under RICO (see Moss v. Morgan Stanley, Inc., 719 F. 2d 5, 19 (2d Cir. 1983); Ross v. A. H. Robins Co., 6076 F. 2d 545, 557 (2d cir. 1979); Denny v. Barber, 576 F. 2d 465, 469-70 (2d Cir. 1978), Segal v. Gordon, 467 F. 2d 602, 606-08 (2d Cir. 1972), the complaint which is fatally flawed with respect to such allegations must be dismissed against the defendant.

## COUNT I UNDER RICO MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Count One charges all of the defendants with violating RICO. Unsurprisingly, the specific section which the defendant is charged with violating is not set forth nor can it be set forth under any scenario of the facts pleaded in the Complaint. .

Accordingly it is to be assumed by implication that the defendant is being charged with violating sec. 19562 (c) of RICO. Under this section it is unlawful for any person

Employed by or associated with any enterprise engaged in, or the activities of which affect interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity of collection of unlawful debt.

The Second Circuit has held that the plaintiff under RICO must allege the existence of seven constituent elements: (1) that the defendant (2) through the commission of two or more acts (3) constituting a "pattern" (4) of "racketeering activity" (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an "enterprise" (7) the activities of which affect interstate or foreign commerce. Moss v. Morgan Stanley, 719 F. 2d 5, 17 (2d Cir. 1983), cert. denied, 465 U.S. 1025 (1984).

Under the foregoing standard, Count I of the plaintiff's Complaint fails to state a claim upon which relief can be granted under RICO because (a) it fails to allege conduct which constitutes a "pattern" of racketeering activity; (b) it fails to allege adequately the existence of an "enterprise" or the required nexus between the defendant and any enterprise; and (c) it fails to allege with particularity the predicate acts allegedly committed by the defendant of "racketeering activity" which is requisite to the RICO claim.

### THE PLAINTIFF CANNOT ALLEGE A "PATTERN" OF RACKETEERING ACTIVITY IN WHICH THE DEFENDANT WAS INVOLOVED

Given the mandate of <u>Sedima, S.P.R.L. v. Imrex Co., Inc.</u>, 105 S. Ct. 3275 (1985) the plaintiff's Complaint is completely devoid of any factual allegations of continuity of relationship critical to the existence of a "pattern" of racketeering activity.

In effect, even assuming the plaintiff's allegations are true with respect to the conduct of the defendant, any alleged "pattern of racketeering activity" as that phrase is used in the RICO statute is insufficient as a matter of law relating to the plaintiff's purchase of Atlantic stock from Sorkin and the defendant's alleged involvement or participation with respect thereto. See <u>Exeter Towers Associates v. Bowditch</u>, 604 F. Supp. 1547 (D. Mass. 1985).

### THE COMPLAINT DOES NOT ALLEGE THAT EACH DEFENDANT PARTICIPATED IN THE AFFAIRS OF A PARTICULAR ENTERPRISE THROUGH A PATTERN OF RACKETEERING ACTIVITY

Section 1962 (c) requires the plaintiff to plead that an "enterprise" exists and that there is some nexus between the pattern or racketeering activity and that enterprise.

Moss v. Morgan Stanley, Inc., supra. There must also be pled and proved the requisite nexus between each defendant and "the enterprise." Each person sought to be held liable must have "conduct[ed] or participat[ed], directly or indirectly, in the conduct" of the enterprise's affairs "through a pattern or racketeering activity." 18 U.S.C. sec. 1962 (c). The requisite degree of participation in the affairs of the enterprise must be adequately alleged on the part of each defendant for the case to continue against that defendant. Bennet v. Berg, 710 F. 2d 1361, 1364 (8th Cir. (en banc), cert. denied, 464 U.S. 1008 (1983).

The plaintiff's Complaint when measured and viewed through the foregoing alembic is woefully short of the goal since there are no facts that allege an "enterprise" and the required nexus between each defendant and a particular enterprise. The Complaint not only fails under Rule 9(b) for its utter vagueness in such regard, but it is otherwise so inadequate as to fail to state a claim under Rule 12(b)(6) against the defendant. See States v. Tukete, 452 U.S. 576, 583 (1981); UNR Industries, Inc. v. Continental Insurance Co., No. 93A2523, slip op. At 20 (N.D. Ill. April 9, 1985).

### THE COMPLAINT FAILS TO PLEAD WITH PARTICULARITY THE PREDICATE ACTS CLAIMED TO MAKE UP THE ALLEGED PATTERN OR RACKETEERING ACTIVITY

The plaintiff has failed to plead with particularity with respect to the defendant the circumstances surrounding the alleged offense encompassed under Count I. Since it has already been demonstrated that the allegations underlying the RICO claim fail at the very minimum to comply with Rule 9(b), such nebulous and willy-nilly allegations cannot possibly form the basis of a viable claim under the relevant statute, since the

pleading requirement of Rule 9 (b) as noted at the outset of this Memorandum also apply to civil RICO actions based on alleged violations of mail and wire fraud statutes. (18 U.S.C. sections 1341, 1343); and see Moss v. Morgan Stanley, Inc., 719 F. 2d at 18-19 (citing Mauriber v. Shearson/American Express, Inc., 546 F. Supp. 1984).

It cannot be underscored enough that where the allegations of a fraudulent scheme are charged by the plaintiff against multiple defendants, the complaint must inform each defendant of the specific fraudulent acts which constitute the basis of the action against each particular defendant. Bruss Co. v. Allen Communications Services, Inc., 606 F. Supp. 401 (N.D. Ill. 1985).

### SINCE AT LEAST THREE ALIEN CORPORATIONS ARE INDISPENSABLE PARTIES TO THIS ACTION UNDER RULE 19(a), IN THE ALTERNATIVE THE COMPLAINT MUST BE DISMISSED PURSUANT TO FED'L R. CIV. P. 12(b)(7)

Since the defendant had no relationship whatsoever to Watkins, Front Holding or Atlas as referenced participants in any alleged "scheme" to defraud the plaintiff, complete relief cannot possibly be afforded in the circumstances unless such alien entities are made parties to the present action so that the interests of the defendant may be determined by this Court in view of the plaintiff's allegations. (Complaint, paras. 51, 64). And moreover as Watkins, Front Holding and Atlas are not subject to process by this Court, in equity and good conscience under the mandate of Rule 19(b) the action cannot possibly proceed since such absent and in effect "phantom entities" with respect to the interests of the defendant are indispensable within the pale of the RICO count. Tell v. Trustees of Dartmouth College, 145 F. 3d 417 (C.A. 1st 1989). Accordingly, dismissal is warranted pursuant to Fed'l R. Civ. P. 12(b)(7).

7

## RELIEF SOUGHT

For all of the foregoing reasons and those set forth in the kindred Motions to Dismiss filed by the remaining defendants in this action, the defendant respectfully submits that the plaintiff's Complaint must be summarily dismissed in its entirety as against him, and that further, in view of the outrageousness and preposterousness of the allegations of the Complaint so as to invoke the jurisdiction of this Court under the RICO statute that there be a further award of commensurate monetary sanctions that are appropriate and meet in the circumstances.

## REQUEST FOR ORAL ARGUMENT

The defendant requests that his Motion to Dismiss be set down for oral argument which he believes will assist the Court in formulating a proper adjudication in view of the seriousness of the reckless charges leveled against him.

Respectfully submitted.

HENRY B. WYNN, PRO SE
33 Pond Avenue
Brookline, Ma 02445
(617) 739-9005

## CERTIFICATE OF SERVICE

I the undersigned Henry B. Wynn certify that I have this 15th day of March 2004 caused to be served by first class mail postage prepaid a true copy of the attached Motion to Dismiss with attached Memorandum of Law directed to the following: Neal Marshall, Brown, Esq., 185 Lincoln Street, Hingham, Ma 02043; Gerald J. Zyfers, Esq., 80 Clinton Place, Newton, Ma 02459; Richard F. Ready, Esq., 25 Walnut Street, Suite 300, Welleseley, Ma 02481.

Henry B. Wynn, pro se