UNITED STATES OF AMERICA

DISTRICT OF MASSACHUSETTS        U.S. DISTRICT COURT
                                 No. 03-12571 PBS

LEON GELFAND,                    )
       Plaintiff,              )
                                 )
vs.                              )
                                 )
BORIS SORKIN, DAVID GOLDIN, YELENA )
GOLDIN, HENRY B. WYNN, and ATLANTIC )
FISH MARKET, INC.,               )
       Defendants              )

## PLAINTIFF'S OPPOSITION TO DEFENDANTS, BORIS SORKIN'S AND ATLANTIC FISH MARKET, INC.'S MOTION TO DISMISS

Now comes the Plaintiff, Leon Gelfand, in the above-captioned matter and hereby opposes the Defendants, Boris Sorkin and Atlantic Fish Market, Inc.'s, Motion to Dismiss. As reason thereof the Plaintiff states as follows:

1. The Plaintiff, Leon Gelfand, filed the subject complaint for relief pursuant to 18 U.S.C. §1961, 1962, Civil RICO.

2. The complaint arises out of the use of Atlantic Fish, Inc., the "enterprise" by Defendants, Boris Sorkin ("Sorkin"), David Goldin, Yelena Goldin and Henry Wynn to commit fraud by causing the Plaintiff to wire large sums of money in foreign commerce.

3. Defendant Sorkin, through his intentional misrepresentations, caused the Plaintiff to "invest" $500,000, via the Defendant's association as President of Atlantic Fish, Inc., with the intent to defraud the Plaintiff of his money.

4. Sorkin's predicate acts were numerous and were related and coordinated for the intended purpose of defrauding the Plaintiff of his money.

5. Sorkin's criminal acts occurred over a substantial time beginning in December 2001 and continue today.

6. As a direct result of Sorkin's acts, Gelfand has suffered severe economic injury.

7. The Plaintiff has alleged in his complaint with specificity, sufficient facts so as to meet all elements required under the statute.

8. The Plaintiff relies on his Memorandum in Opposition to Defendant, Boris Sorkin's and Atlantic Fish Market, Inc.'s Motion to Dismiss, and exhibits attached thereto in support of his opposition.

9. Assuming arguendo, that the Plaintiff has not plead his Complaint with sufficient specificity, the Plaintiff should be allowed to conduct, discover, and later amend his complaint .because he has been denied access to the corporate documents by the subject civil RICO Defendants. *New England Data Servs., Inc. v. Becher*, 829 F.2d 286 (1st Cir. 1987).

10. Atlantic Fish Market, Inc., as the enterprise used for criminal activity is a necessary party pursuant to the principles of pendent jurisdiction.

11. The foreign parties the Defendants claim must be joined were in fact used by the Defendants as a ruse to lure the Plaintiff in and deprive him of his investment and are not necessary parties, under Fed. R. Civ. P.19.

12. The Defendants have filed their Motion to Dismiss in violation of Local Rule 7.1(A)(2), by failing to certify in their motion that they have conferred with the plaintiff in good faith.

- 3 -

WHEREFORE, Leon Gelfand, Plaintiff in the above-captioned matter, hereby requests that this honorable court grant the following relief.

1. Deny the Defendants' Motion to Dismiss; or in the alternative,

2. Grant the Plaintiff, a reasonable period of discovery, and an opportunity to amend his complaint.

>  Respectfully submitted,
>  LEON GELFAND, Plaintiff
>
>  By his attorney,
>
>  */s/ Richard F. Ready*
>  Richard F. Ready, Esquire
>  Law Offices of Richard F. Ready
>  25 Walnut Street, Suite #300
>  Wellesley, MA 02481
>  (781) 239-1088
>  BBO #561947

Dated: April 2, 2004