UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

LEON GELFAND,

        Plaintiff

v.

BORIS SORKIN, DAVID GOLDIN,

YELENA GOLDIN, HENRY B. WYNN

AND ATLANTIC FISH MARKET, INC.,

        Defendants

NO. 03.12571 PBS

### DEFENDANTS, DAVID GOLDIN'S AND YELENA GOLDIN'S MOTION IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS, DAVID GOLDIN'S AND YELENA GOLDIN'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11

Now come the defendants, David Goldin and Yelena Goldin, in the above-referenced matter and respectfully request that the Court nunc pro tunc defer the effective filing date of their Motion for Sanctions Pursuant to Fed'l R. Civ. P. 11 (the Motion for Sanctions) for an additional period of 21 days of the date hereof which Motion for Sanctions was both originally served upon plaintiff's counsel and filed with this Court on March 11, 2004 or that in the alternative the Court permit the defendants leave to withdraw such originally filed Motion for Sanctions without prejudice pending a withdrawal of the challenged Complaint filed with this Court which the defendants contend was both factually and as a matter of law blatantly violative of the mandate of Rule as well as fabricated in numerous instances and relative to which plaintiff's counsel has this day been served with a Motion for Sanctions.

1

As reasons therefor the defendants state the following:

1.  That on March 11, 2004 the defendants filed with this Court the Motion for Sanctions and on the same date caused to be hand delivered a true copy of such Motion for Sanctions to counsel for the plaintiff, Leon Gelfand.

2.  That thereafter on March 26, 2004 the plaintiff filed with this Court a Motion to Strike Defendant's, David Goldin's and Yelena Goldin's Motion for Sanctions and as reasons therefor the plaintiff alleged that the said Motion was not in compliance with Rule 11(c)(1)(A) inasmuch as such Motion for Sanctions  could not be filed with or presented to the Court unless first served upon the offending party 21 days prior to such filing.

3.  That although the plaintiff has cited the wrong authority (Raffaele v. Marrama, 164 F. Supp. 2d 224, 228 (D. Mass. 2001) (a Rule 11 motion is to be made separately from other motions or requests) for the foregoing proposition, in the interests of judicial economy and the convenience of the Court the defendants will not split hairs since they recognize that they were required in the first instance to afford the plaintiff a 21 day period to withdraw the offending Complaint which the defendants contend wrongfully in blatant violation of Rule 11 invoked the jurisdiction of this Court by means of incorporation of a baseless count under the RICO statute.

4.  That absolutely no prejudice can result in the granting of this Motion In Opposition to the plaintiff's Motion to Strike which the defendants feel obliged to file at this juncture since counsel for the defendants has on a myriad number of occasions in telephone conferences both prior to and subsequent to

the filing of the offending Complaint forewarned plaintiff's counsel to no avail of the both the seriousness and outrageousness of the plaintiff's frivolous and more significantly fabricated allegations which are not even fairly debatable as being the subject of a RICO claim and of the concomitant power of the Court to impose appropriate sanctions in the circumstances.

Wherefore, the defendants respectfully move that this Court correct and defer <u>nunc pro tunc</u> the effective filing date of their original Motion for Sanctions Pursuant to Fed'l R. Civ. P. 11 for an additional 21 days from the date hereof or that in the alternative the Court permit the defendants to withdraw such Motion without prejudice pending a withdrawal of the challenged Complaint previously filed with this Court inasmuch as plaintiff's counsel has this date been served by hand delivery with a true copy of the defendants' Motion for Sanctions Pursuant to Fed'l R. Civ. P. 11.

DAVID GOLDIN, ET AL

By their attorney.

Neal Marshall Brown, Esq.
185 Lincoln Street
Hingham, Ma 02043
(781) 740-2744
BBO # 548 119

3

## CERTIFICATE OF SERVICE

I certify that I have this 5th day of April 2004 caused to be served by **hand**

**delivery** a true copy of the attached document to the following: Richard F. Ready,

Esquire, 25 Walnut Street, Wellesley, Ma 02481; Gerald J. Zyfers, Esq., 80 Clinton

Place, Newton, Ma 02459; Henry B. Wynn, 33 Pond Avenue, Brookline, Ma 02445.

Neal Marshall Brown, Esquire