UNITED STATES OF AMERICA

DISTRICT OF MASSACHUSETTS                                    U.S. DISTRICT COURT
                                                             No. 03 12571 PBS

LEON GELFAND,                              )
        Plaintiff,                     )
                                           )
vs.                                        )
                                           )
BORIS SORKIN, DAVID GOLDIN, YELENA         )
GOLDIN, HENRY B. WYNN, and ATLANTIC        )
FISH MARKET, INC.,                         )
        Defendants                     )

**PLAINTIFF'S OPPOSITION TO DEFENDANTS, DAVID GOLDIN'S
AND YELANA GOLDIN'S MOTION FOR SANCTIONS PURSUANT
TO FEDERAL R. CIV. P. 11**

    Now comes the Plaintiff, Leon Gelfand ("Gelfand"), in the above-captioned matter and his counsel, Richard F. Ready, and hereby opposes David Goldin's and Yelena Goldin's Motion For Sanctions Pursuant to Fed. R. Civ. P. 11.

    As reasons thereof Gelfand and his counsel state as follows:

1. Sanctions may not be imposed if the pleading subject to attack is objectively reasonable. *Lancelotti v. Fay*, 909 F. 2d 15, 18-20 (1st Cir. 1990).

2. Sanctions should not be imposed even if counsel's inquiry is not reasonable, if the pleading itself is objectively reasonable. *Kale v. Combined Ins. Co. of Am.*, 861 F.2d. 746, 759 (1st Cir. 1988).

3. The appropriateness of an attorney's conduct is determined by what was reasonable at the time of the filing and not based upon hindsight. *Cruz v. Savage*, 896 F.2d. 626, 631 (1st Cir. 1990).

4. The Court in determining the appropriateness of sanctions should examine all the circumstances including the complexity of the case. *Navarro-Ayala v. Nunez*, 968 F.2d 1421, 1425 (1st Cir. 1992).

5. Litigants and counsel are held to the standard of objective reasonableness and "…not perfect research or utter prescience." (*Navarro-Ayala* at 1425 quoting *Marine Audubon Soc'y v. Purslow*, 907 F.2d. 265, 268 (1990).

6. An attorney has a continuing duty to reinvestigate his client's claims throughout the litigation. *Kale* at 758.

7. Gelfand and his counsel rely upon the Complaint filed in this matter in support of their opposition to the sanctions motion.

8. Gelfand and his counsel rely upon the Affidavit of Richard F. Ready, attached hereto, in opposing the sanctions motion.

9. Gelfand and his counsel rely upon the arguments, affidavits and exhibits attached to Plaintiff's Opposition to the Defendants' Motion to Dismiss as well as Plaintiff's Opposition to Defendant, Boris Sorkin's and Atlantic Fish Market, Inc.'s Motion to Dismiss and Plaintiff's Opposition to Defendant, Henry B. Wynn's Motion to Dismiss.

10. Counsel for Gelfand made a reasonable inquiry into the facts as alleged by Gelfand by first reviewing all relevant documents, including the Stock Purchase Agreement, copies of cancelled checks demonstrating Gelfand's investment in the enterprise, a copy of the promissory note from the Goldins to Gelfand, correspondence from predecessor counsel with the Defendants and their counsel, review of proposed complaint drafted by predecessor counsel, review of Board of Bar Overseers website

regarding the status of Henry B. Wynn and Attorney Gerald S. Zyfers, and a complete review of Attorney Robert C. Horgan's file.

11. Gelfand's counsel also met with predecessor counsel, Robert C. Horgan, Esquire, reviewed documents together and discussed the facts of the case.

12. Gelfand's counsel also met directly with Gelfand on several occasions to discuss the factual basis of his case, verifying dates and sequence of events.

13. Gelfand's counsel conducted an objectively reasonable factual inquiry prior to filing the Complaint in this Court.

14. Gelfand's counsel also made an objectively reasonable inquiry as to the state of the law prior to filing the Complaint.

15. Specifically, Gelfand's counsel conducted an extensive Westlaw search, reviewing the Civil RICO Statute, numerous annotations and reading several cases.

16. Plaintiff's counsel also reviewed the applicable federal rules and chapters in *Federal Civil Litigation in the First Circuit*, an MCLE publication.

17. Gelfand's counsel then applied the facts to the law identifying the predicate acts and pattern of racketeering, carefully omitting the enterprise as a RICO defendant and confirming the harms caused to Gelfand.

18. Plaintiff's counsel then filed the subject complaint which contains the subject RICO count.

19. After filing the complaint, Gelfand's counsel was contacted by the Goldins' attorney who requested an extension on the time to answer (which was granted) and in which a discussion of the case occurred.

20. Following discussions with Attorney Brown, Gelfand met again with counsel in order to discuss Attorney Brown's assertions and to verify and confirm the facts of this case.

21. Subsequent to filing the subject complaint, Gelfand's counsel had several phone conversations with Attorney Brian P. Flanagan who is counsel in a related case in this Court involving Defendants Boris Sorkin and Atlantic. *Eimskip et al v. Mayflower International and Atlantic Fish Market, Inc.*, 02-CIV-11499-MEL.

22. Subsequent to the filing of the Complaint, Gelfand's counsel met with both Attorney Flanagan and Attorney Thomas E. Clinton (counsel for the plaintiff in the matter of *H&L Axelsson v. Sorkin et al.*, 02-CV-10927-RGS), in order to compare facts related to the illegal and fraudulent activities conducted through Atlantic Fish Market, Inc.

23. Gelfand's counsel has also reviewed a deposition transcript of Defendant Boris Sorkin taken in the above-referenced cases.

24. Gelfand's counsel has completely fulfilled his duty to continue to investigate the validity of the Gelfand's allegations.

25. Gelfand's counsel has not been presented with any persuasive evidence that would contradict Gelfand's claims or that would be exculpatory for any of the named Defendants.

26. Contrary to the forthrightness of the Plaintiff's actions, the Defendants in their flowerly language and disingenuous arguments are merely attempting to mislead this Court, harass the Plaintiff, drive up the costs of litigation, and cause further damage to the Plaintiff.

WHEREFORE, Leon Gelfand, Plaintiff and Richard F. Ready, as counsel, respectively request that this Honorable Court deny the Defendants' Motion for Sanctions.

LEON GELFAND,

By his attorney,

_____
Richard F. Ready, Esquire
Law Offices of Richard F. Ready
25 Walnut Street, Suite #300
Wellesley, MA 02481
(781) 239-1088
BBO #561947

## CERTIFICATE OF SERVICE

I, Richard F. Ready, counsel for Leon Gelfand, Plaintiff, hereby certifies that a true copy of the Plaintiff's Opposition to Defendants, David Goldin's and Yelana Goldin's Motion for Sanctions has been served by mailing, first class mail, postage prepaid, to:

Neil Marshall Brown, Esquire
185 Lincoln Street
Hingham, MA 02043

Gerald J. Zyfers, Esquire
80 Clinton Place
Newton, MA 02459-1141

Henry B. Wynn
Brook House
33 Pond Avenue #1008
Brookline, MA 02446

Dated: April 21, 2004

_____
Richard F. Ready, Esquire
Law Offices of Richard F. Ready
25 Walnut Street, Suite 300
Wellesley, MA 02481
(781) 239-1088
B.B.O. #561947

5

# AFFIDAVIT OF
# RICHARD F. READY, ESQUIRE

## AFFIDAVIT OF RICHARD F. READY

I, Richard F. Ready under oath do state and depose as follows:

1. My name is Richard F. Ready.

2. I am an attorney in good standing and admitted to practice law in the Commonwealth of Massachusetts, and admitted by the Clerk of the Untied States District Court for the District of Massachusetts on November 5, 1993.

3. I have never been subject to any discipline by the Board of Bar Overseers or sanctioned by any court in which I have appeared.

4. I represent Leon Gelfand, Plaintiff in this matter.

5. I was introduced to Mr. Gelfand, by Attorney Robert C. Horgan, who prior to my involvement, represented Mr. Gelfand.

6. Attorney Horgan has an office within the same suite as my office, along with four other attorneys, at 25 Walnut Street, Suite 300, Wellesley, MA.

7. Prior to filing the complaint in this matter I reviewed Attorney Horgan's entire file.

8. I also met with Mr. Gelfand on several occasions and discussed the facts of the case.

9. Prior to filing the Complaint, I also conducted several WestLaw searches, reviewed the relevant statute, case law, and consulted an MCLE publication titled *Federal Civil Litigation in the First Circuit*.

10. Specifically, I reviewed the chapter titled *RICO* in Federal Civil Litigation.

11. After a careful review of the facts and law, I filed the subject complaint in this Court.

12. After filing the Complaint, I was contacted on more than one occasion by Attorney Neil Marshall Brown, counsel for the Goldins, who told me that my client's claims were baseless, threatened to have me personally sanctioned, but failed to provide any supporting facts or documents for his assertions.

13. Attorney Brown also requested additional time to answer the complaint, and as a professional courtesy, I told him that I would not seek to default his clients during this time frame.

14. After my discussions with Attorney Brown, I set up additional meetings with my client and further discussed the facts of the case with Mr. Gelfand.

15. I was also contacted by Attorney Brian P. Flanagan, who indicated that his client was a victim of a scheme involving Defendants Boris Sorkin and Atlantic Fish Market, Inc., in which a large quantity of fish was shipped to Estonia, was not paid for and was missing.

16. Attorney Flanagan provided me with the docket number of his case as well as that of a related case in this court.

17. I spoke with Attorney Flanagan on several occasions on the phone to compare facts of the respective cases.

18. Specifically, the "missing fish" in his case appeared to be the same fish that Defendant Sorkin represented to Gelfand was an asset of Atlantic.

19. On an ongoing basis, I discussed these matters with my client confirming various facts.

20. I also met with Attorney Flanagan and Attorney Thomas E. Clinton (counsel in a related case) and discussed the facts of our cases, some of which were similar to those alleged by Mr. Gelfand (specifically the use of Watkins as the Estonia conduit to receive ill-gotten goods and funds).

21. I reviewed deposition transcripts from Defendant Sorkin's testimony in the other cases.

22. I also attended a portion of the trial, where Mr. Gelfand testified under oath before Judge Lasker in *Eimskip et al v. Mayflower International and Atlantic Fish Market, Inc.*, Civil Docket No. 02-CV-11499-MEL.

23. I was also present during a portion of Boris Sorkin's trial testimony and observed that Defendant David Goldin was present in the courtroom.

24. I have not been presented with any reliable information that is not consistent with the facts and law as plead in the Plaintiff's Complaint.

25. I have acted with the utmost good faith in the filing and in the maintenance of this cause of action.

Signed under the pains and penalties of perjury this 21st day of April, 2004.

_____
Richard F. Ready, Esquire