FILED IN CLERKS OFFICE
U.S. DISTRICT COURT
2004 APR 28
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES OF AMERICA

DISTRICT OF MASSACHUSETTS

U.S. DISTRICT COURT
No. 03 12571 PBS

LEON GELFAND, )
    Plaintiff, )
)
)
vs. )
)
)
BORIS SORKIN, DAVID GOLDIN, YELENA )
GOLDIN, HENRY B. WYNN, and ATLANTIC )
FISH MARKET, INC., )
    Defendants )

## SCHEDULING CONFERENCE MEMORANDUM

### JOINT STATEMENT OF COUNSEL FOR PLAINTIFF, LEON GELFAND AND COUNSEL FOR DEFENDANTS, DAVID GOLDIN AND YELENA GOLDIN

    I.    **OBLIGATION OF COUNSEL TO CONFER, PURSUANT TO LOCAL RULE 16.1 (B) AND FED. R. CIV. P. 26(f)**

A.    <u>Plaintiff's Counsel's Statement on Obligation to Confer</u>

Plaintiff's counsel in a letter dated and sent on April 5, 2004, sent a formal request to confer pursuant to Local Rule 16.1 and Fed. R. Civ.P. 26(f) to Attorney Neil Marshall Brown, counsel for David Goldin and Yelena Goldin, Attorney Gerald J. Zyfers, counsel for Boris Sorkin and Atlantic Fish Market, Inc., and to Henry B. Wynn, pro se. In said letter, Plaintiff's counsel indicated a willingness to meet directly (offering to host any such meeting) or to proceed via a conference call.

Plaintiff's counsel received no response during the week of April 5, 2004. During the week of April 12, 2004, Plaintiff's counsel called Attorneys Brown and Zyfers and requested a conference. Attorney Brown's office informed Plaintiff's counsel that he was out of town and

his office scheduled a conference call time for April 22, 2004. This conference took place on said date.

Plaintiff's counsel received a phone call from Attorney Zyfers on April 16, 2004, in which he agreed to meet at Plaintiff's counsel's office and stated that Mr. Wynn would also be attending. Attorney Zyfers stated he would call on Monday, April 19, 2004, to schedule said meeting. No such call was received by Plaintiff's counsel's office.

Plaintiff's counsel did receive a letter from Mr. Wynn dated April 15, 2004, in which he states in part, "…although I am obliged to confer with you as mandated by the Local Rules, I frankly do not see what we can possibly discuss under the present circumstances."

## II.    PROPOSED AGENDA FOR SCHEDULING CONFERENCE

A.   Setting of Discovery Schedule

B.   Deadline for Dispositive Motions

C.   Trial Date

## III.    PROPOSED DISCOVERY PLAN

A.   Automatic Disclosures to be made by May 15, 2004.

B.   Discovery to be completed by December 1, 2004.

C.   Rule 56 Motions to be filed by February 15, 2005.

D.   Trial within 30 days of hearing on any Rule 56 Motions or by March 15, 2005, whichever is later.

## VI. CONSIDERATION OF TRIAL BY MAGISTRATE

Both Plaintiff's counsel and counsel for Defendants, David Goldin and Yelana Goldin, do not wish to have this case tried by magistrate.

The positions of Defendants Boris Sorkin, Atlantic Fish Market, Inc., and Henry B. Wynn, with regard to trial by magistrate, are unknown.

## V. SETTLEMENT POSTURE

A.   On April 8, 2004, pursuant to Local Rule 16.1(c), Plaintiff's counsel demanded $500,000 for full and final settlement.

B.   Defendants David Goldin and Yelena Goldin rejected the Plaintiff's demand for settlement and have made no counteroffer.

C.   Defendant Henry B. Wynn stated in his April 15, 2004 letter, in response to Plaintiff's demand, that the plaintiff's offer "…does not warrant the dignity of a response…and that [counsel for the Plaintiff should] seek immediate psychiatric treatment."

D.   Defendants Boris Sorkin and Atlantic Fish Market, Inc., have not responded to the Plaintiff's offer of settlement.

## CERTIFICATION BY COUNSEL FOR THE PLAINTIFF

I, Richard F. Ready, certify that I have conferred with my client, Leon Gelfand, Plaintiff in this action concerning the costs of this litigation and alternatives and that due consideration has been given to alternative dispute resolution pursuant to Local Rule 16.4

_____
Richard F. Ready, Esquire
Law Offices of Richard F. Ready
B.B.O. No. 561947
25 Walnut St., Suite 300
Wellesley, MA 02481-2106
(781) 239-1088

## CERTIFICATION BY COUNSEL FOR DEFENDANTS DAVID GOLDIN AND YELENA GOLDIN

I, Neil Marshall Brown, certify that I have conferred with my clients, David Goldin and Yelena Goldin, Defendants in this action concerning the costs of this litigation and alternatives and that due consideration has been given to alternative dispute resolution pursuant to Local Rule 16.4

_____
Neil Marshall Brown, Esquire
Law Office of Neil Marshall Brown
B.B.O. No. 548119
185 Lincoln Street
Hingham, MA 02043
(781) 740-4744

## CERTIFICATE OF SERVICE

    I, Richard F. Ready, counsel for Leon Gelfand, Plaintiff, hereby certifies that a true copy of the Scheduling Conference Memorandum, has been served by mailing, first class mail, postage prepaid this date to:

Neil Marshall Brown, Esquire
185 Lincoln Street
Hingham, MA 02043

Gerald J. Zyfers, Esquire
80 Clinton Place
Newton, MA 02459-1141

Henry B. Wynn
Brook House
33 Pond Avenue #1008
Brookline, MA 02446

Dated: April 26, 2004

                                                         _____
                                                         Richard F. Ready, Esquire
                                                         Law Offices of Richard F. Ready
                                                         25 Walnut Street, Suite 300
                                                         Wellesley, MA 02481
                                                         (781) 239-1088
                                                         B.B.O. #561947