```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS
```

|   |   |
|---|---|
| LEON GELFAND,<br>      Plaintiff,<br><br>      v.<br><br>BORIS SORKIN, ET AL.,<br>      Defendants. | )<br>)<br>)<br>)<br>) CIVIL ACTION NO. 03-12571-PBS<br>)<br>)<br>)<br>) |

**ORDER**

May 28, 2004

Saris, U.S.D.J.

    Defendants have moved to dismiss Count I asserting a violation of the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1972(c) (Docket Nos. 12, 18, 24). After hearing, I **ALLOW** that motion because even when all reasonable inferences are drawn in favor of the Plaintiff, there are insufficient allegations of close-ended or open-ended continuity. See H.J., Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 231 (1989). "Continuity is both a closed- and open-ended concept referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition." Id. at 241. With respect to close-ended continuity, "[a] party alleging a RICO violation may demonstrate continuity over a closed period by proving a series of predicates extending over a substantial period of time. Predicate acts extending over a few weeks or months. . .do not

satisfy this requirement." Id. at 242.

In this case, the alleged scheme occurred within eight to nine months. It began in December 2002 when Goldin and Sorkin met the Plaintiff, and ended in August 2003 when Sorkin told the Plaintiff that the Plaintiff did not own anything. This period of time would not satisfy the continuity requirement absent threat of future criminal acts. See Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1418 (3d Cir. 1991) ("[A]n eight-month period of fraudulent activity directed at a single entity does not constitute a pattern, absent a threat of future criminal acts."), cert. denied, 501 U.S. 1222, 111 S.Ct. 2839, 115 L.Ed.2d 1007 (1991); Religious Tech. Ctr. v. Wollersheim, 971 F.2d 364, 366-67 (9th Cir. 1992) ("[w]e have found no case in which a court has held the requirement to be satisfied by a pattern of activity lasting less than a year.")

The Plaintiff argues that Defendants' activities threaten to continue in the future and points to other plaintiffs in this district who have filed collection actions to seek payment on fish shipped to Atlantic in July and August 2001. He also suggests that the continuing failure to produce documents shows open-endedness. However, these allegations are insufficient to conclude that there is a threat of future criminal conduct of the sort Plaintiff alleges. See Feinstein v. Resolution Trust Corp., 942 F.2d 34, 47 (1st Cir. 1991).

I also **DENY** defendant David Goldin's and Yelena Goldin's Motion for Sanctions pursuant to Fed. R. Civ. P. 11 (Docket No. 43) and motions to strike plaintiff's opposition (Docket Nos. 40, 41).

## ORDER

I **ALLOW** Defendants' motion to dismiss Count I and dismiss the state law claims without prejudice.

                                        **S/PATTI B. SARIS**
                                        United States District Judge