UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2004 JUN -1 P 2:33

U.S. DISTRICT COURT
DISTRICT OF MASS.

LEON GELFAND,

    Plaintiff

v.

BORIS SORKIN, DAVID GOLDIN, YELENA GOLDIN, HENRY B. WYNN AND ATLANTIC FISH MARKET, INC.,

    Defendants

NO. 03-12571 PBS

## DEFENDANTS, BORIS SORKIN'S AND ATLANTIC FISH MARKET, INC.'S MOTION FOR SANCTIONS PURSUANT TO FED'L R. CIV. P. 11

### INTRODUCTION

As more particularly set forth in their Motion to Dismiss pursuant to Fed'l R. Civ. P. 12(1), (6) and (7) which the defendants, Boris Sorkin (Sorkin) and Atlantic Fish Market, Inc. (Atlantic) (collectively the defendants) filed with this Court on March 8, 2004, the plaintiff, Leon Gelfand (Gelfand) without any factual or legal basis whatsoever except to otherwise improperly invoke the jurisdiction of the Federal Court, incorporated a completely frivolous and reckless claim under the 18 U.S.C. secs. 1961-1968 (civil RICO) in a rambling Complaint and indiscriminately named the defendant, Sorkin, as culpable of criminal conduct through the utilization of Atlantic as a criminal enterprise.

Moreover, although the plaintiff was placed on notice as of April 14, 2004 that the RICO count was baseless under existing law (See the Private Securities Litigation Reform Act of 1995 (PSLRA) and host of authorities cited in connection therewith set forth in Defendant, Henry B. Wynn's Supplementary Memorandum to Motion to Dismiss

1

previously filed with this Court) he has nonetheless through his counsel contumaciously refused to seek to withdraw the offensive Complaint as of the present date obliging counsel to incur further legal fees in drafting this Rule 11 Motion and to otherwise prepare in anticipation of the hearing scheduled for April 30th on the various defendants' Motions to Dismiss.

## RULE 11 STANDARD

It cannot be emphasized enough that an attorney has a duty to say "NO" to a client when he proposes to bring a suit which is without any basis in fact and law as relevant to the facts set forth in the plaintiff's Complaint which allege that Sorkin through Atlantic as a criminal enterprise has engaged in a pattern of racketeering activities in causing the plaintiff to be allegedly defrauded of his monies through a securities fraud scheme. Keating v. Rhode Island, 785 F Supp. 1094 (D.R.I. 1992). With respect to the foregoing, Fed'l R. Civ. P. 11 contains two separate grounds for sanctions: (1) failure to make an objectively reasonable inquiry into the facts and law; and (2) bringing suit for an improper purpose. Lancellot v. Fay, 909 F. 2d 15, 19 (1st Cir. 1990). It is submitted that counsel for Gelfand is subject to sanctions under both prongs of Rule 11.

Rule 11 provides that when a lawyer or other person signs a document, that person certifies:

> That to the best of the signer's knowledge, information, and belief formed after reasonable inquiry [the document] is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, that it is not interposed for any

2

improper purpose, such as to harass or to cause unnecessary delay or needless increase in he cost of litigation. Silva v. Witschen, 19 F. 3d at 728-29 (1st Cir. 1994).

## CONCLUSION

In closing, the indiscriminate allegation of fanciful facts set forth in the plaintiff's Complaint which allegedly form the basis of the RICO claim against the defendants call for nothing less than the full imposition of sanctions by this Court under Rule 11 for the reason that any racketeering activities attributable to the defendants are not only palpably frivolous and illusory, but a complete fiction. See Durr v. Intercounty Title Co. of Illinois, 14 F. 3d 1183, 1188 (7th Cir. 1994) (upholding Rule 11 sanctions against attorney "who sued on behalf of a class of plaintiffs that did not exist"). Conversely, no RICO "enterprise" in which Sorkin was a participant even exists except in the plaintiff's own mind and more significantly as a matter of law securities fraud pursuant to legislation enacted in 1995 by the United States Congress deleted securities fraud as a predicate act for a RICO violation except against a person who is criminally convicted in connection with fraud. See the Private Securities Litigation Reform Act of 1995 (PSLRA)

Accordingly, since this Court may, in its discretion, award attorney's fees to a prevailing defendant upon a finding that the suit was "frivolous", unreasonable and without foundation under Rule 11 and that "no reasonable person would recognize the facts alleged as having any merit" (Christianburg Garment Co. v. EEOC, 434 U.S. 4123, 421, 98 S. Ct. 694, 700, 54 L. Ed. 2d 648 (1978), it is respectfully requested that the instant Motion be allowed and that counsel for the defendants be permitted to submit a detailed affidavit of all fees and ancillary charges necessitated as a proximate result of

3

plaintiff's counsel's disreputable contrivance of conjuring up a RICO claim in an attempt to invoke the jurisdiction of the United States District Court and his insistence in perpetuating this litigation after being placed on clear notice on April 14, 2002 that as a matter of law the plaintiff has absolutely no standing whatsoever before the Court to proceed under the RICO statute. The dictates of Rule 11 and supporting federal law **mandate** such sanctions in the circumstances. (emphasis added)

## REQUEST FOR ORAL ARGUMENT

The defendants request that the Court afford their counsel the opportunity for oral argument relevant to the facts and law set forth in the foregoing Motion.

Respectfully submitted.

BORIS SORKIN AND ATLANTIC FISH MARKET, INC.
By their attorney:

Gerald J. Zyfers, Esquire
80 Clinton Place
Newton, Ma 02459
(617) 641-9170
BBO # 542 967

4

## CERTIFICATE OF SERVICE

I certify that on May 28, 2004 I caused to be served by first class mail postage prepaid a true copy of the attached documents to the following: Richard F. Ready, Esq., 25 Walnut Street, Wellesley, Ma 02481; Neal Marshall Brown, Esq., 185 Lincoln Street, Hingham, Ma 02043; Henry B. Wynn, 33 Pond Avenue, Brookline, Ma 02445.

Gerald J. Zyfers, Esq.