UNITED STATES OF AMERICA

DISTRICT OF MASSACHUSETTS

U.S. DISTRICT COURT
No. 03 12571 PBS

FILED
IN CLERKS OFFICE
2004 JUN -3 A 11: 23
U.S. DISTRICT COURT
DISTRICT OF MASS

LEON GELFAND, )
        Plaintiff, )
 )
vs. )
 )
BORIS SORKIN, DAVID GOLDIN, YELENA )
GOLDIN, HENRY B. WYNN, and ATLANTIC )
FISH MARKET, INC., )
        Defendants )

### PLAINTIFF'S OPPOSITION TO DEFENDANTS, BORIS SORKIN'S AND ATLANTIC FISH MARKET INC.'S MOTION FOR SANCTIONS PURSUANT TO FEDERAL R. CIV. P. 11

Now comes the Plaintiff, Leon Gelfand ("Gelfand"), in the above-captioned matter and his counsel, Richard F. Ready, and hereby opposes Boris Sorkin's and Atlantic Fish Market Inc.'s Motion For Sanctions Pursuant to Fed. R. Civ. P. 11.

As reasons thereof Gelfand and his counsel state as follows:

1. This Court has already denied co-defendants, David Goldin's and Yelena Goldin's motion for sanctions which is virtually identical in form and substance to the within motion. (See Civil Docket entry #51.)

2. Boris Sorkin admitted on the witness stand on May 27, 2004, that the documents requested by the Plaintiff and promised as part of the Stock Purchase Agreement never existed.

3. The Plaintiff in good faith believes that there is substantial evidence of fraud.

4. The Defendants Motion for Sanctions is completely without merit.

5. Sanctions may not be imposed if the pleading subject to attack is objectively reasonable. *Lancelotti v. Fay*, 909 F. 2d 15, 18-20 (1st Cir. 1990).

6. Sanctions should not be imposed even if counsel's inquiry is not reasonable, if the pleading itself is objectively reasonable. *Kale v. Combined Ins. Co. of Am.*, 861 F.2d. 746, 759 (1st Cir. 1988).

7. The appropriateness of an attorney's conduct is determined by what was reasonable at the time of the filing and not based upon hindsight. *Cruz v.* Savage, 896 F.2d. 626, 631 (1st Cir. 1990).

8. The Court in determining the appropriateness of sanctions should examine all the circumstances including the complexity of the case. *Navarro-Ayala v. Nunez*, 968 F.2d 1421, 1425 (1st Cir. 1992).

9. Litigants and counsel are held to the standard of objective reasonableness and "…not perfect research or utter prescience." (*Navarro-Ayala* at 1425 quoting *Marine Audubon Soc'y v. Purslow*, 907 F.2d. 265, 268 (1990).

10. An attorney has a continuing duty to reinvestigate his client's claims throughout the litigation. *Kale* at 758.

11. Gelfand and his counsel rely upon the Complaint filed in this matter in support of their opposition to the sanctions motion.

12. Gelfand and his counsel rely upon the Affidavit of Richard F. Ready, attached hereto, in opposing the sanctions motion.

13. Gelfand and his counsel rely upon the arguments, affidavits and exhibits attached to Plaintiff's Opposition to the Defendants' Motion to Dismiss as well as Plaintiff's Opposition to Defendant, Boris Sorkin's and Atlantic Fish Market, Inc.'s Motion to

Dismiss and Plaintiff's Opposition to Defendant, Henry B. Wynn's Motion to Dismiss.

14. Counsel for Gelfand made a reasonable inquiry into the facts as alleged by Gelfand by first reviewing all relevant documents, including the Stock Purchase Agreement, copies of cancelled checks demonstrating Gelfand's investment in the enterprise, a copy of the promissory note from the Goldins to Gelfand, correspondence from predecessor counsel with the Defendants and their counsel, review of proposed complaint drafted by predecessor counsel, review of Board of Bar Overseers website regarding the status of Henry B. Wynn and Attorney Gerald S. Zyfers, and a complete review of Attorney Robert C. Horgan's file.

15. Gelfand's counsel also met with predecessor counsel, Robert C. Horgan, Esquire, reviewed documents together and discussed the facts of the case.

16. Gelfand's counsel also met directly with Gelfand on several occasions to discuss the factual basis of his case, verifying dates and sequence of events.

17. Gelfand's counsel conducted an objectively reasonable factual inquiry prior to filing the Complaint in this Court.

18. Gelfand's counsel also made an objectively reasonable inquiry as to the state of the law prior to filing the Complaint.

19. Specifically, Gelfand's counsel conducted an extensive Westlaw search, reviewing the Civil RICO Statute, numerous annotations and reading several cases.

20. Plaintiff's counsel also reviewed the applicable federal rules and chapters in *Federal Civil Litigation in the First Circuit*, an MCLE publication.

21. Gelfand's counsel then applied the facts to the law identifying the predicate acts and pattern of racketeering, carefully omitting the enterprise as a RICO defendant and confirming the harms caused to Gelfand.

22. Plaintiff's counsel then filed the subject complaint which contains the subject RICO count.

23. After filing the complaint, Gelfand's counsel was contacted by the Goldins' attorney who requested an extension on the time to answer (which was granted) and in which a discussion of the case occurred.

24. Following discussions with Attorney Brown, Gelfand met again with counsel in order to discuss Attorney Brown's assertions and to verify and confirm the facts of this case.

25. Subsequent to filing the subject complaint, Gelfand's counsel had several phone conversations with Attorney Brian P. Flanagan who is counsel in a related case in this Court involving Defendants Boris Sorkin and Atlantic. *Eimskip et al v. Mayflower International and Atlantic Fish Market, Inc.*, 02-CIV-11499-MEL.

26. Subsequent to the filing of the Complaint, Gelfand's counsel met with both Attorney Flanagan and Attorney Thomas E. Clinton (counsel for the plaintiff in the matter of *H&L Axelsson v. Sorkin et al.*, 02-CV-10927-RGS), in order to compare facts related to the illegal and fraudulent activities conducted through Atlantic Fish Market, Inc.

27. Gelfand's counsel has also reviewed a deposition transcript of Defendant Boris Sorkin taken in the above-referenced cases.

28. Gelfand's counsel has completely fulfilled his duty to continue to investigate the validity of the Gelfand's allegations.

29. Gelfand's counsel has not been presented with any persuasive evidence that would contradict Gelfand's claims or that would be exculpatory for any of the named Defendants.

30. Contrary to the forthrightness of the Plaintiff's actions, the Defendants in their flowerly language and disingenuous arguments are merely attempting to mislead this Court, harass the Plaintiff, drive up the costs of litigation, and cause further damage to the Plaintiff.

WHEREFORE, Leon Gelfand, Plaintiff and Richard F. Ready, as counsel, respectively request that this Honorable Court deny the Defendants' Motion for Sanctions.

LEON GELFAND,

By his attorney,

_____
Richard F. Ready, Esquire
Law Offices of Richard F. Ready
25 Walnut Street, Suite #300
Wellesley, MA 02481
(781) 239-1088
BBO #561947

## CERTIFICATE OF SERVICE

I, Richard F. Ready, counsel for Leon Gelfand, Plaintiff, hereby certifies that a true copy of the Plaintiff's Opposition to Defendants, Boris Sorkin's and Atlantic Fish Market, Inc.'s Motion for Sanctions has been served by mailing, first class mail, postage prepaid, to:

Neil Marshall Brown, Esquire
185 Lincoln Street
Hingham, MA 02043

Gerald J. Zyfers, Esquire
80 Clinton Place
Newton, MA 02459-1141

Henry B. Wynn
Brook House
33 Pond Avenue #1008
Brookline, MA 02446

Dated: June 1, 2004

_____
Richard F. Ready, Esquire
Law Offices of Richard F. Ready
25 Walnut Street, Suite 300
Wellesley, MA 02481
(781) 239-1088
B.B.O. #561947

LAW OFFICES OF
# RICHARD F. READY
25 WALNUT STREET
SUITE 300
WELLESLEY, MA 02481

Telephone: (781) 239-1088
Telefax: (781) 239-1378
E-mail: Readyesq@aol.com

FILED
IN CLERKS OFFICE
2004 JUN -3 A 11: 23
U.S. DISTRICT COURT
DISTRICT OF MASS

June 1, 2004

Clerk's Office
United States District Court for the
District of Massachusetts
John Joseph Moakley U.S. Courthouse
One Courthouse Way
Boston, MA   02210

    Re: Leon Gelfand *Vs* Boris Sorkin et al
    No: 03-12571PBS

Dear Sir or Madam:

    Enclosed please find for filing:

1. Plaintiff's Opposition to Defendants, Boris Sorkin's and Atlantic Fish Market, Inc.'s Motion for Sanctions Pursuant to Federal R. Civ. P. 11.

2. Certificate of Service.

Sincerely,

Richard F. Ready

RFR:pa
Enclosure(s)
cc: Leon Gelfand (w/o enc.)
   Neil Brown, Esquire
   Gerald J. Zyfers, Esquire
   Henry B. Wynn
03-1920